# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ANTHONY SWIFT                                                                                         PETITIONER

v.                                                                                                No. 1:09CV309-B-A

BARBARA ALLEN, ET AL.                                                       RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Anthony Swift for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and Swift has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

## Facts and Procedural Posture

Anthony Swift is in the custody of the Mississippi Department of Corrections and is currently housed at the Leflore County Community Work Center in Greenwood, Mississippi. On April 8, 2005, Swift was indicted on three counts of sale of cocaine in Clay County, Mississippi. The indictment was later amended to reduce the charges to possession of cocaine (Trial Court Cause No. 8712); State Court Record ("SCR"), Vol. 1, p. 30-33 ( Cause No. 2007-CP-00790). On January 19, 2006, Swift pled guilty to two counts of possession of cocaine. The third count was retired to the files. He was sentenced, under enhanced penalty law, to serve fourteen years in custody of the Mississippi Department of Corrections ("MDOC") for the first possession charge and one year for the second possession charge. The sentences run consecutively and are followed by five years post-release supervision. *Id.* at p. 35-56.

On April 4, 2006, Swift filed a motion for post-conviction relief in the trial court, which was dismissed on October 10, 2006. SCR, Vol. 1, p. 90 (Cause No. 2006-CP-01447-COA). Swift appealed that dismissal to the Mississippi Supreme Court, but on April 5, 2007, he filed a motion to withdraw the appeal without prejudice, which the Mississippi Court of Appeals granted on April 11, 2007. (Cause No. 2006-CP-01447-COA).

On June 14, 2007, Swift filed a motion for summary judgment (signed June 5, 2007) in the trial court. SCR, Vol. 1, p. 20-22 (Cause No. 2007-CP-00790-COA). The trial court treated the filing as a motion for post-conviction relief and dismissed the motion on July 20, 2007. SCR, Vol. 1, p. 60 (Cause No. 2007-CP-00790-COA). Swift appealed to the Mississippi Supreme Court raising the following issues *pro se:*

| | |
|---|---|
| Ground One. | The trial court violated article 3 section 27 of the Mississippi Constitution by allowing the state to amend the indictment from sale of cocaine to possession of cocain thereby prejudicing appellant's defense. |
| Ground Two. | The trial court and prosecutor only reduced the charges in the context of getting a plea (abuse of authority). |
| Ground Three. | The plea was not voluntarily entered but induced by threats in violation of UCCC Rule 8.04(A)(3). |
| Ground Four. | The trial court actively participated in plea discussions in violation of URCCP 8.04(B)(4). |
| Ground Five. | That appellant never entered a guilty plea and Mississippi does not accept nolo contendere pleas in felonies. |
| Ground Six. | Appellant was denied due-process of law in violation of the 5th and 14th amendment when the trial court evoked appellants probation without issuing findings of fact and conclusions as to evidence relied upon for revoking appellants probation. |

| | |
|---|---|
| Ground Seven. | Whether or not the state has violated appellants right to not be subjected to double jeopardy in violation of the 5th amendment to the United States Constitution. |
| Ground Eight. | There are no facts to support a conviction due to the state prosecutors perjurious [sic] testimony during the plea hearing in violation of UCCCR. 8.04(A)(3). |
| Ground Nine. | The state prosecutors and trial court maliciously prosecuted appellant for a crime and sent appellant to prison on a made-up charge. |
| Ground Ten. | Whether or not the trial court judge who issues an order allowing Brenda Weaver to work as an informant was an abuse of authority and in violation of the anti-peonage act of 1864. |
| Ground Eleven. | Whether or not the trial court made improper comments during the plea qualification hearing. |

On August 26, 2008, the Mississippi Court of Appeals affirmed the circuit court's dismissal. *Swift v. State,* 6 So.3d 1108 (Miss. App. 2008) *reh'g denied,* Jan. 6, 2009, *cert. denied,* Apr. 2, 2009 (Cause No. 2007-CP-00790).

In the instant Petition for Writ of Habeas Corpus, filed on December 16, 2009, Swift raises the following issues (*pro se*):

| | |
|---|---|
| **Ground One.** | Involuntary Plea. |
| **Ground Two.** | Constructive amendment to the indictment. |
| **Ground Three.** | Trial court actively participated in plea negotiations. |
| **Ground Four.** | Trial court gave erroneous and inaccurate information in violation of Miss. Uniform Circuit Court Rule 8.04(a)(3) by misinforming me as to the charge I could be taken to trial on. |
| **Ground Five.** | Petitioner entered a plea of nolo contendere which is not a valid plea to a felony under Mississippi Law. |

**Ground Six.** Petitioner was indicted for sale of a controlled substance and the trial court allowed an amendment of the indictment from the sale of cocaine to possession of cocaine.

Swift has exhausted his state court remedies as to the claims raised in his petition, and return to state court on these exhausted issues would be futile.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds in the current petition on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One through Six of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One: Involuntary Plea**

In Ground One, Swift argues that his plea was not voluntary. The Mississippi Supreme Court found that this issue had no merit. "[W]hile the ultimate issue of voluntariness is a legal question requiring independent factual determination, subsidiary factual questions . . . are entitled to the § 2254(d) presumption." *Gachot v. Stalder,* 298 F.3d 414, 418 (5th Cir. 2002). "With regard to questions of fact, § 2254(e)(1) requires federal courts to presume that the factual findings of the state courts are correct unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'" *Hopkins v. Cockrell,* 325 F.3d 579, 583 (5th Cir. 2003).

Swift argues that a parole officer told him that the officer would ensure that received a life sentence – and that the parole officer's threat induced him to plead guilty. The record of the change of plea hearing does not support this contention.

> [The Court]: Do you think it's in your best interest to enter this best interest plea?
>
> [Swift]: Yes, sir.
>
> Q: All right. Has anybody promised you any money or rewards or hopes of leniency to get you to enter this plea?
>
> A: No.
>
> Q: Has anybody threatened you, said they would beat you up, or harm you, or hurt your family or anything like that, to get you to enter this plea?
>
> A: Back in la – last year I was told that if I didn't plead guilty, by my probation officer, he would make sure I get life.
>
> Q: You are facing 60 years without parole on each of these three counts on a sale of cocaine, and how old are you? Thirty-nine?

A:          (Defendant nods head affirmatively).

Q:          I don't know if that's what he was talking about or not, but has anybody threatened to use physical violence against you?

A:          Not – I don't know – I mean he just said it, but that's –

Q:          Sure, sure. And I – I've sent some people to prison for 60 years without parole, and they're about your age, and I guess that would be about life. I don't know if somebody 99 years old has ever come out of Parchman or wherever.

But that's the only thing, some probation officer said he'd – back in the fall, if you didn't plead guilty, he would see that you'd get life?

A:          Yes. Yes, sir.

Q:          Is that making you plead here today, what that probation officer said?

A:          You know, it – it does have some bearing, but, you know, you just asked me, and I just wanted to answer the question honestly.

Q:          Sure.

A:          Okay.

Q:          Well –

A:          Is he going to be a witness in this case, or is he going to be the prosecutor in this case?

By [Swift's attorney]: No, Your Honor, he's not a witness.

By the Court:          Okay.

By [Swift's attorney]: What he's asking you is that's something that may have – you may have experienced, but that's not why you executed the plea petition, correct?

By [Swift]:          No.

S.C.R., p. 46-47. Then, after hearing the state's summary of the evidence it planned to introduce against him, Swift stated on the record that entering an *Alford* plea of guilty (without admitting guilt) was in his best interest:

> [Court]: Mr. Swift, do you dispute that you possessed those levels of cocaine on those dates as set out by [the prosecutor]?
>
> [Swift]: I – I – I plead in my best interest, yes, sir.
>
> Q: Okay. So you think it is – you think that it's your best interest, then? That's – that's –
>
> A: Yes, sir, my best interest.
>
> Q: All right. Fair enough.
>
> All right. After having been advised in count one of all the minimum and maximum sentences and fines and the elements of the offense, and count two, the minimum and maximum sentences and fines and the elements of the offense, do you wish to enter a best interest guilty plea in count one?
>
> A: Yes, sir, in my best interest.
>
> Q: Do you with to enter a guilty plea in count two?
>
> A: Yes, sir, in my best interest.

S.C.R., p. 48-49.

Nothing in the instant petition has overcome the presumption of correctness afforded the state court's findings that Swift's guilty plea was voluntary. The Mississippi Court of Appeals held:

> The record in this case demonstrates that Swift was well aware of the charge to which he pleaded guilty. Swift's attorney represented to the court that Swift was aware of the charge to which he was pleading guilty, and the trial judge confirmed this fact while questioning Swift during the plea colloquy. Swift's responses to the court's examination demonstrated his understanding of the charges against

-8-

him, and the responses demonstrated that he intended to plead guilty. Our review
of the plea colloquy finds that Swift's plea was clearly voluntary, and this issue is
without merit.

. . .

We find Swift's argument devoid of any merit, as the transcript of the plea
colloquy demonstrates that Swift freely and voluntarily entered his guilty plea
with full knowledge that the indictment had been amended. Accordingly, we
affirm the trial court's dismissal of Swift's motion for post-conviction relief.

*Swift,* 6 So.3d at 1108-9.

During the plea hearing, Swift discussed the court's questions with his trial counsel and with the judge to make sure he understood all questions the judge asked. The judge also discussed both the elements of the crime and potential punishments. SCR, Vol. 1, p. 35-56 (Cause No. 2007-CP-00790). The Mississippi Court of Appeals' decision was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. As such, Swift is not entitled to *habeas corpus* relief on Ground One.

### Grounds Two and Six: Constructive Amendment of the Indictment

In Grounds Two and Six, Swift alleges that his indictment was improperly amended from "sale of cocaine" to "possession of cocaine." The Mississippi Supreme Court found that this argument has no merit. The Mississippi Court of Appeals held:

Finding that Swift entered his guilty plea voluntarily, we find that his claims
regarding the sufficiency of the indictment also fail to have merit. Our law is well
settled in that "[a] valid guilty plea ... admits all elements of a formal charge and
operates as a waiver of all non-jurisdictional defects contained in an indictment
[or information] against a defendant." *Kincaid v. State*, 711 So.2d 873, 877(¶ 19)
(Miss.1998) (quoting *Conerly v. State*, 607 So.2d 1153, 1156 (Miss.1992)).
We find Swift's argument devoid of any merit, as the transcript of the plea

> colloquy demonstrates that Swift freely and voluntarily entered his guilty plea
> with full knowledge that the indictment had been amended.

*Swift,* at 1109. Possession of cocaine is a lesser included offense to sale of cocaine, for which Swift was originally indicted. Swift's indictment was also amended to include two prior convictions. SCR, Vol. 1, p. 37 (Cause No. 2007-CP-00790).

The court has no jurisdiction to resolve this question because Swift has not alleged that the state violated his constitutional rights. The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir. 1994) (citing *Yohey v. Collins,* 985 F.2d 222, 229 (5th Cir.1993); *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980)). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637. The state court reviewed Swift's allegations regarding his indictment and discussed the issue in detail. Nothing in the state court's ruling even hints at an error of constitutional magnitude. As such, this issue is beyond the scope of federal review and should be dismissed. Finally, Swift's entry of a valid guilty plea waived all non-jurisdictional defects in the indictment. *See United States v. Miramontez,* 995 F.2d 56, 60 (5th Cir. 1993); *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir. 1984). As such, the claims in Grounds Two and Six are without merit and will be dismissed for this reason, as well.

### Grounds Three and Four: Court Conduct at Guilty Plea Hearing

In Grounds Three and Four, Swift alleges that the trial court actively participated in plea negotiations. Specifically, in his petition he alleges that the "[t]rial court gave erroneous and

inaccurate information in violation of Miss. Uniform Circuit Court Rule 8.04(a)(3) by misinforming me as to the charge I could be taken to trial on." The Mississippi Supreme Court held that this issue had no merit. The Mississippi Court of Appeals held:

> In his brief to this Court, Swift alleges a myriad of trial court errors, including allegations against the court reporter and the trial judge. Upon our review, we find that most of these issues are unfounded and meritless; therefore, we will only review Swift's main assertion of error: whether his plea was involuntary.

*Swift,* at 1108. The transcript of Swift's guilty plea hearing shows that the trial court identified Swift's potential charges as well as the maximum and minimum penalties he faced. SCR, Vol. 1, p. 35-57 (Cause No. 2007-CP-00790).

Rule 8.04 of the Mississippi Uniform Rules of Circuit and County Court Practice ("URCCCP") is entitled "Entry of Guilty Pleas, Plea Bargaining, Withdrawal of Guilty Pleas" and section (a)(3) of that rule states:

> *Voluntariness.* Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

The trial judge thoroughly questioned Swift to ensure that his guilty plea was knowing, voluntary and intelligent, and the judge otherwise conducted the plea hearing properly maintaining his role as a disinterested arbiter of justice. As such, the Mississippi Supreme Court's resolution of the issues in Grounds Three and Four was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. These grounds for relief will therefore be dismissed.

**Ground Five: Plea of *Nolo Contendere***

In Ground Five of his petition, Swift claims that he "entered a plea of *nolo contendere* which is not a valid plea to a felony under Mississippi Law." The Mississippi Supreme Court found this issue to be without merit. Rule 11.01 of the URCCCP states:

> Where the defendant is adjudged guilty of the offense charged, sentence must be imposed without unreasonable delay. A defendant is adjudged guilty when the defendant has been found guilty by a verdict of the jury, found guilty by the court sitting as the trier of fact, on the acceptance of a plea of guilty, or on acceptance of a plea of nolo contendere.

Indeed Mississippi law is contrary to Swift's position on this issue:

> Since Bush's first two arguments are interrelated, we will discuss them together. Bush contends that his plea of guilty is void under Mississippi law. He claims he entered a plea of *nolo contendere*. He argues that this plea is void because Mississippi does not permit a plea of *nolo contendere* in felony cases. In support of his argument, Bush cites *Keyes v. State*, 312 So.2d 7, 10 (Miss.1975), which states that a plea of *nolo contendere* is only available in misdemeanor cases, not felony cases. Bush is correct that a plea of nolo contendere is inapplicable in felony cases. However, the record indicates that Bush did not enter a plea of *nolo contendere*. Instead, the record shows that Bush entered a valid plea of guilty often referred to as an *Alford* plea in recognition of the holding by the Supreme Court in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In *Alford*, the Court held that Alford's guilty plea to murder together with evidence from three witnesses formed a sufficient factual basis for accepting Alford's plea even though it was accompanied by Alford's protestation of innocence. *Id.* at 37. The court found no constitutional error in accepting a guilty plea despite a protestation of innocence, *when the defendant knowingly and intelligently concluded that his best interests required entry of the guilty plea and the trial judge made a determination on the record that there was strong evidence of actual guilt. Id.*

*Bush v. State,* 922 So.2d 802, 804 (Miss. App., 2005)(emphasis added).

In this case, Swift and his attorney reviewed the evidence and decided that Swift would best be served by pleading guilty to possession of cocaine. SCR, Vol. 1, p. 36, 38-40.

> The Court: You have indicated you want to enter a best interest guilty plea to two counts of possession of cocaine. One being possession of .97 grams as an enhanced punishment meaning you had had a prior drug conviction; count two just being a non-enhanced in an amount greater than a tenth of a gram but less than two grams; is that right?
>
> Swift: Yes, sir.

*Id,* at p. 41. At the plea hearing the state presented facts supporting its case against Swift for possession of cocaine, and Swift admitted that the state's case was strong enough to support such a conviction. *Id,* at p. 49-50. As discussed above, Swift knowingly, intelligently, and voluntarily pled guilty to the charges of possession of cocaine. Thus, the Mississippi Supreme Court's resolution of the issue in Ground Five was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, Swift's request for *habeas corpus* relief in this ground must be dismissed.

## Conclusion

In sum, none of the petitioner's grounds for relief has merit, and the instant petition for a writ of *habeas corpus* will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 11th day of January, 2011.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE